Filed 7/31/26  P. v. Harper CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D086897 |
| Plaintiff and Respondent, | (Super. Ct. No. SCN308840) |
| v. | |
| JULIE E. HARPER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Blaine K. Bowman, Judge.  Affirmed.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In 2012, Julie E. Harper was charged with the murder of her husband. She remained out of custody through two jury trials.  She was convicted of second degree murder in 2015 and remanded into custody at that time.

Harper was sentenced to prison for 15 years to life plus 25 years to life for the firearm enhancement under Penal Code[1] section 12022.53, subdivision (d) plus 10 years for the personal use of a firearm under section 12022.5, subdivision (a), however, the punishment for the enhancement was stayed.

In a nonpublished opinion, *People v. Harper*, D069632 (Jan. 5, 2018), we affirmed the conviction and the true finding on the enhancement under section 12022.53, subdivision (d). The case was then remanded to the trial court for resentencing.

After the resentencing hearing, the court reduced the sentence for the personal use of a firearm to four years and modified the fines and fees that were imposed. The court found Harper was not entitled to custody credits for the time she was out of custody pending trial under section 1203.018, subdivisions (d)(1) and (3).

Harper filed a timely notice of appeal,

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We offered Harper the opportunity to file her own brief on appeal, but she has not responded to our notice.

STATEMENT OF FACTS

We have discussed the facts of the offense in our opinion in case No. D069632. We will not repeat them here.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review and

---

[1]     Further statutory references are to the Penal Code.

2

in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified two possible issues that were considered in evaluating the potential merits of this appeal:

Whether the trial court erred in failing to award custody credits for the time Harper was out of custody pending trial.

Whether the trial court abused its discretion in imposing and staying a four-year mid-term sentence for the enhancement under section 12022.5, subdivision (a).

We have independently reviewed the record for error as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Harper in this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.*

WE CONCUR:


O'ROURKE, Acting P. J.


DATO, J.

---

*      Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.